UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE COOPER,<br><br>Defendant. | 4:18-CR-40136-01-KES<br><br>ORDER ADMITTING EVIDENCE |

Plaintiff, the United States of America, filed notice pursuant to Federal Rule of Evidence 801(d)(2)(A) that it intends to offer the trial testimony of defendant, Michael Wayne Cooper, from his June 2019 jury trial. Docket 182. Cooper objects. Docket 186. The court finds that Cooper's prior trial testimony is admissible.

## BACKGROUND

In June of 2019, Cooper was brought to trial before a jury for one count of distribution of a controlled substance resulting in serious bodily injury. Docket 139; Docket 167 (trial transcript). During Cooper's case-in-chief, Cooper testified. Docket 167-2 at 86-132. The case went to the jury for deliberation. Docket 139 at 5. After all reasonable efforts, the jury informed the court that it was unable to reach a unanimous verdict. Docket 167-3 at 64-67. The court declared a mistrial. *Id.* at 67. On September 4, 2019, the United States filed a Second Superseding Indictment charging Cooper with one count of distribution of a controlled substance resulting in serious bodily injury and

one count of conspiracy to distribute a controlled substance. Docket 171. The retrial is scheduled to begin on October 7, 2019. Docket 175.

**DISCUSSION**

**I.      Hearsay**

The United States argues that Cooper's prior trial testimony is admissible under Federal Rule of Evidence 801(d)(2)(A). Docket 182. Cooper argues that the trial testimony is inadmissible hearsay and should be precluded from admission during the United States's case-in-chief under Rule 801. Docket 186 at 1.

Under Federal Rule of Evidence 801(d)(2)(A), a statement that is "offered against an opposing party" and "was made by the party in an individual or representative capacity" is not hearsay. Here, Cooper's trial testimony would be offered against an opposing party because the United States is offering it against Cooper. Additionally, the statement was made by the party in an individual capacity because the testimony is Cooper's own statement. Thus, Cooper's prior trial testimony is not hearsay and is admissible under Rule 801(d)(2)(A).

Cooper argues that the United States's reliance on Rule 801(d)(2)(A) is "flawed" because a majority of Cooper's prior testimony is not being offered "against him" as Rule 801 requires. Docket 186 at 1. Cooper contends that his testimony is not an admission against his own interest. *Id.* But Rule 801(d)(2)(A) does not require the statement to be against the declarant's interest; the rule only requires the statement to be offered against an opposing

party. A statement made against interest is a hearsay exception contained in Rule 804, and the United States does not rely on that exception. *See* Fed. R. Evid. 804(b)(3). Here, Cooper's prior trial testimony is not hearsay under Rule 801(d)(2)(A) because it is an opposing party's statement.

## II. Fifth Amendment

The Fifth Amendment states, "No person . . . shall be compelled in any criminal case to be a witness against himself[.]" U.S. Const. amend. V. But "[a] defendant who chooses to testify waives his privilege against compulsory self-incrimination with respect to the testimony he gives[.]" *Harrison v. United States*, 392 U.S. 219, 222 (1968). "[O]nce the right against self-incrimination is waived, the information given is admissible at any subsequent trial." *United States v. Gianakos*, 415 F.3d 912, 919 (8th Cir. 2005).

In *Harrison v. United States*, the United States Supreme Court found the defendant's prior trial testimony to be inadmissible in a subsequent trial because the prior testimony was "the fruit of the poisonous tree." 392 U.S. at 222. In *Harrison*, the government introduced three confessions allegedly made by Harrison while in police custody. *Id.* at 220-21. After the admission of the confessions at trial, Harrison took the stand to testify about his version of the facts. *Id.* The jury found Harrison guilty, but his conviction was later reversed because the court of appeals found that his confessions were illegally obtained and inadmissible. *Id.* at 220. Upon remand, the case came before a jury for a second time. *Id.* at 221. At the second trial, the prosecutor read to the jury Harrison's prior trial testimony. *Id.* The jury convicted Harrison. *Id.*

3

The Supreme Court reserved the lower court and found that the prior testimony was inadmissible in the second trial. *Id.* at 226. The Court acknowledged "the general evidentiary rule that a defendant's testimony at a former trial is admissible in evidence against him in later proceedings." *Id.* at 222. But the Court noted that Harrison's case presented an exception to the general rule because "the petitioner testified only after the Government had illegally introduced into evidence three confessions, all wrongfully obtained, and the same principle that prohibits the use of confessions so procured also prohibits the use of any testimony impelled thereby—the fruit of the poisonous tree[.]" *Id.* (footnote omitted).

In support of its notice, the United States cites *United States v. Gianakos*. Docket 186 at 2. In *Gianakos*, the Eighth Circuit Court of Appeals found that the admission of the defendant's prior trial testimony in a subsequent trial did not violate his Fifth Amendment rights. 415 F.3d at 918. Gianakos testified in his own defense at his state trial for first-degree murder. *Id.* His conviction was reversed by the Minnesota Supreme Court based on a spousal-privilege issue. *Id.* Then, federal charges were brought against Gianakos for kidnapping. *Id.* During the federal jury trial, the district court admitted Gianakos's testimony from his prior state trial. *Id.* Gianakos appealed his conviction and argued that the district court erred in admitting his prior testimony because it violated his Fifth Amendment right against self-incrimination. *Id.* The Eighth Circuit distinguished Gianakos's case from *Harrison* because Gianakos's prior testimony was not the fruit of the poisonous tree. *Id.* at 919. Gianakos "testified

4

in his own defense to rebut his wife's testimony implicating him in the murder." *Id.*

Here, the general rule applies. When Cooper took the stand and testified in his June 2019 trial, he waived his privilege against compulsory self-incrimination. Once he waived it, any information he testified to became admissible at any subsequent trial.

The present case is analogous to *Gianakos* and distinguishable from *Harrison*. Like Gianakos's testimony, Cooper's prior testimony was not the fruit of an illegally obtained confession. In the first trial, Cooper testified in his own defense to rebut other witnesses' testimony. The testimony from the other witnesses was not illegally obtained and thus, was not constitutionally suspect, unlike the confessions in *Harrison*. Cooper "may have determined that his testimony was strategically necessary for his defense, but it was not because the government had illegally obtained evidence in violation of his constitutional rights." *Gianakos*, 415 F.3d at 919. Thus, the admission of Cooper's testimony from the June 2019 trial does not violate his Fifth Amendment right against self-incrimination.

Cooper argues that *Gianakos* is distinguishable because Gianakos testified as a witness in another trial and that testimony was later admitted against him in his own trial. Docket 186 at 2. This is incorrect. As stated above, the defendant in *Gianakos* first testified in his state trial. 415 F.3d at 918. That testimony was later used in Gianakos's federal trial. *Id.* In both trials, the defendant was Gianakos.

Cooper also notes that his second trial includes new charges. Docket 186 at 2. But the general rule that prior testimony is admissible does not require the subsequent trial be for the exact same charges. *See Gianakos*, 415 F.3d at 919 (stating "the information given is admissible at *any* subsequent trial." (emphasis added)).

**CONCLUSION**

It is

ORDERED that the defendant's testimony from the June 2019 trial is admissible under Rule 801(d)(2)(A). If the United States offers the evidence during trial, it will be read into the record so the jury can hear the testimony. The transcript itself will not go back to the jury.

Dated October 4, 2019.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE