UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL WAYNE COOPER,<br><br>Defendant. | 4:18-CR-40136-01-KES<br><br><br>ORDER DENYING MOTION FOR RELIEF UNDER THE FIRST STEP ACT |

Defendant, Michael Wayne Cooper, moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 258. Plaintiff, the United States of America, opposes the motion. Docket 272. For the following reasons, the court denies defendant's motion for compassionate release.

## BACKGROUND

On October 10, 2019, Cooper was found guilty of distribution of a controlled substance resulting in serious bodily injury in violation of 21 U.S.C. § 841(a)(1) and conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 846. Dockets 201, 216. On December 30, 2019, the court sentenced Cooper to 240 months in custody on both counts, with all counts running concurrently, and 3 years of supervised release. Docket 214; Docket 216 at 2-3. On January 7, 2020, Cooper filed a notice of appeal. Docket 217. Cooper's appeal is pending before the Eighth Circuit Court of Appeals.

Cooper is incarcerated at Medical Center for Federal Prisoners (MCFP) Springfield, an administrative security federal medical center in Springfield,

Missouri. Docket 260 at 177; Docket 258 at 1, 3. As of October 9, 2020, there are currently 3 active COVID-19 cases among MCFP Springfield's inmates, 5 active COVID-19 cases among the facility's staff, and 6 inmates and 23 staff have recovered from COVID-19. *See BOP: COVID-19 Update*, Fed. Bureau of Prison, https://www.bop.gov/coronavirus/ (last visited on Oct. 9, 2020). There have been zero deaths from COVID-19. *Id.* Cooper is eligible for home confinement on June 15, 2035, and his current anticipated release date is December 15, 2035. Docket 260 at 414.

Cooper is 58 years old. Docket 263 at 1. His chronic medical conditions include hypertension, end stage renal failure, chronic embolism and thrombosis of vein, hepatitis C, anxiety, secondary hyperparathyroidism, hyperlipidemia, low back pain, and old myocardial infarction. Docket 260 at 165-67. Cooper is prescribed medication to treat and control his hypertension, secondary hyperparathyroidism, and anxiety. *Id.* at 30, 38, 71-72, 74, 114-15, 165.

Cooper had a heart attack in 2015, but has not had any shortness of breath or chest pain while in BOP custody. *Id.* at 92. In 2016, Cooper was diagnosed with hepatitis C. *Id.* at 92. He received treatment in 2020. *Id.* at 60, 68. On June 8, 2020, the virus was no longer detected and is now listed as a medical condition in remission. *Id.* at 54, 167.

While in pre-trial custody for the current offense, Cooper was diagnosed with renal failure. Docket 210 ¶ 71. Cooper is dependent on renal dialysis and has dialysis three times a week. Docket 260 at 7, 11, 59, 74, 167; Docket 210

¶ 71. Additionally, Cooper is on a renal diet. Docket 260 at 83-84. In June of 2020, Cooper had swelling in his right arm around his dialysis port. *Id.* at 40-41. The swelling was due to a central vein stenosis. *Id.* In July of 2020, Cooper's stenosis was treated with an angioplasty. *Id.* at 308-09. In August of 2020, Cooper was feeling well, had no new problems, and his right extremity access point for dialysis was working well. *Id.* at 299.

On May 18, 2020, Cooper submitted a Reduction in Sentence Application to the warden, requesting that he be considered for a sentence reduction due to his health conditions and COVID-19. Docket 262 at 1. The warden denied his request on June 4, 2020. *Id.* at 2. Cooper then filed a regional administrative remedy appeal, which ultimately was denied. Docket 258 at 2.

Cooper filed a pro se motion with the court for relief under the First Step Act. Docket 258. Cooper's counsel subsequently filed a supplement to his pro se motion. Docket 265.

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed[.]" 18 U.S.C. § 3582(c). In 2018, Congress passed the First Step Act (FSA). Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit inmates in specified circumstances to file motions in the court where they were convicted seeking compassionate release. § 603. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C.

§ 3582(c)(1)(A)(i). Such a sentence must comply with the 18 U.S.C. § 3553(a) sentencing factors and "applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement, which was adopted before the FSA, requires both "extraordinary and compelling reasons" and that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" U.S.S.G. § 1B1.13(1) (U.S. Sentencing Comm. 2018). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Cooper argues that the "unprecedented and extraordinary risk posed by the global COVID-19 pandemic," together with his adverse health conditions satisfies the "extraordinary and compelling reasons" standard under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 265 at 1. Cooper requests a sentence of time served and, if deemed necessary by the court, a period of home confinement as a condition of supervised release. *Id.*

The United States argues that the court lacks jurisdiction to grant Cooper's requested relief because Cooper's appeal is pending before the Eighth Circuit Court of Appeals. Docket 272 at 3. Rule 37 states that if a motion is filed for relief that the district court lacks authority to grant because of an appeal is pending, "the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).

Cooper's appeal is pending before the Eighth Circuit Court of Appeals, and Cooper's motion asks the court to modify his sentence. Dockets 217, 258, 265. Instead of deferring the motion, the court will, as permitted by Rule 37(a), consider the motion on the merits and either deny the motion or state that it would grant the motion if the Eighth Circuit Court of Appeals remands for that purpose or that the motion raises a substantial issue.

## I.    Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release on motions filed by defendants "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).

Cooper first submitted a request for home confinement on May 18, 2020. Docket 262 at 1. The warden denied the request on June 4, 2020. *Id.* at 2. The 30-day period expired, at the latest, on July 4, 2020. Given that the 30-day waiting period required by 18 U.S.C. § 3582(c)(1)(A) has lapsed, Cooper's motion is ripe for review on the merits.

## II.    Extraordinary and Compelling Reasons

Section 3582(c)(1)(A)(i) provides that the sentencing court may grant compassionate release based on "extraordinary and compelling reasons[.]"

Congress did not define what constitutes "extraordinary and compelling." *See* 28 U.S.C. § 994(t). Rather, the Sentencing Commission was directed to promulgate "the criteria to be applied and a list of specific" extraordinary and compelling examples. *Id.* Prior to Congress passing the FSA, the Sentencing Commission limited "extraordinary and compelling reasons" to four scenarios. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). The four scenarios pertain to a defendant's (1) terminal illness, (2) debilitating physical or mental health condition, (3) advanced age and deteriorating health in combination with the amount of time served, and (4) compelling family circumstances. *Id.* Additionally, there is a fifth catch-all category for an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)" as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13 cmt. n.1(D).

    After the FSA was passed, the Sentencing Commission did not update its policy statement because the Sentencing Commission has not had a quorum. *See United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019) ("As the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future."). As a result, district courts are left to determine whether the policy statement of the Sentencing Commission that was in existence when the FSA was passed still applies. *See United States v. Rodd*, 2019 WL 5623973, at *3 (D. Minn. Oct. 31, 2019); *United States v. Brown*, 2020 WL 2091802, at *5-6 (S.D. Iowa Apr.

29, 2020). It is clear that Congress wishes to "[i]ncreas[e] the [u]se . . . of [c]ompassionate [r]elease" by allowing district courts to grant petitions "consistent with applicable policy statements" from the Sentencing Commission. *See* 132 Stat. at 5239; 18 U.S.C. § 3582(c)(1)(A). But the Commission has not addressed whether the policy statement from the old regime is applicable to the new statute nor has it adopted a new policy statement. Because the First Step Act changed the way a compassionate release motion may be brought, "several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges." *United States v. Condon*, 2020 WL 2115807, at *3 (D.N.D. May 4, 2020) (citing *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); *United States v. Beck*, 425 F. Supp. 3d 573, 578-80 (M.D.N.C. 2019); *United States v. Cantu*, 423 F. Supp. 3d 345, 352-53 (S.D. Tex. 2019)); *see also United States v. Rivernider*, 2020 WL 597393, at *3 (D. Conn. Feb. 7, 2020). This uncertainty has not yet been addressed by the Eighth Circuit. *See United States v. Rodd*, 966 F.3d 740, 747 (8th Cir. 2020) ("We need not determine whether the district court erred in adhering to the policy statements in § 1B1.13."); *see also United States v. Frith*, 2020 WL 4229160, at *2 (D.N.D. July 23, 2020).

Assuming that the policy statements continue to apply to compassionate release motions brought under the amended FSA, Cooper has failed to show that his medical conditions rise to extraordinary and compelling circumstances.

Cooper contends that his circumstances warrant relief under the medical conditions category, U.S.S.G. § 1B1.13 comment note 1(A), and the catch-all provision, U.S.S.G. § 1B1.13 comment note 1(D). Docket 265 at 3, 9-13. Cooper argues that his health conditions—hypertension, renal failure, hepatitis C, chronic embolism and thrombosis of vein, old myocardial infraction, and secondary hyperparathyroidism—put him at high-risk of severe illness if he contracts COVID-19. *Id.* at 9.

COVID-19 appears to pose a particular risk for individuals with certain existing health conditions. People with the following health conditions are at an increased risk of severe illness from COVID-19: cancer, chronic kidney disease, chronic obstructive pulmonary disease, immunocompromised state from organ transplant, obesity (a BMI of 30 or higher), serious heart conditions, sickle cell disease, and Type II diabetes. *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (Oct. 6, 2020). The Centers for Disease Control and Prevention (CDC) also provided a list of medical conditions that *may* put a person at an increased risk of severe illness from COVID-19. *Id.* These medical conditions include asthma (moderate to severe), hypertension or high blood pressure, smoking, liver disease, and several others. *Id.*

The court has reviewed the medical records submitted in this case. Cooper's medical conditions include end stage renal failure (chronic kidney disease), old myocardial infarction, chronic embolism and thrombosis of vein,

8

hypertension, secondary hyperparathyroidism, and hepatitis C.

The CDC lists chronic kidney disease as a medical condition that increases the risk of severe illness from COVID-19. Cooper was diagnosed with end stage renal failure in late 2018 or early 2019. *See* Docket 210 ¶ 71. He is dependent on renal dialysis and receives dialysis three days a week. Docket 260 at 7, 59, 167. Although Cooper's medical providers consider Cooper to be "seriously ill because of his renal disease," most recently, Cooper was feeling well and had no new problems. *Id.* at 65, 299. The United States appears to concede that Cooper's renal failure is an "extraordinary and compelling reason" for a sentence reduction. Docket 272 at 7-8. To the extent the United States suggests that renal failure standing alone qualifies as a compelling and extraordinary reason warranting release, the court disagrees.

Cooper is at a medical facility where he is receiving adequate care for his renal failure. Cooper's medical records do not show that Cooper has had any serious issues or complications in receiving his dialysis. *See* Dockets 260, 262, 263. And when an issue with his dialysis port occurred, he received medical care to treat the issue with no delays or complications related to COVID-19. Docket 260 at 40-41, 308-09. Additionally, while this court was not aware of the impending COVID-19 pandemic, this court took into consideration Cooper's renal failure and dependence on dialysis in determining his sentence. Docket 223 at 29-30; Docket 210 ¶ 71. Overall, Cooper has not identified how his renal failure prevents him from providing self-care in a correctional facility setting or how it amounts to extraordinary and compelling circumstances. *See*

9

*United States v. Mills*, 2020 WL 4589935, at \*1 (E.D. Ark. Aug. 10, 2020) (finding obesity, hypertension, chronic kidney disease, and cardiac disease were not "extraordinary and compelling" reasons warranting release).

Cooper's hypertension is listed as a medical condition that *might* increase the risk of severe illness from COVID-19. According to the BOP records, Cooper's hypertension appears to be well-controlled with medication. Docket 260 at 92. Cooper's other medical conditions—chronic embolism and thrombosis of vein, secondary hyperparathyroidism, old myocardial infarction, and hepatitis C—are not listed as medical conditions that might increase or increase the risk of severe illness from COVID-19.

While some of these chronic conditions may put Cooper at a higher risk of severe illness if he contracts COVID-19, that has not been the case as of yet. *See United States v. Fry*, 2020 WL 1923218, at \*1 (D. Minn. Apr. 21, 2020) (holding that to merit compassionate release, inmate "must show more than a mere speculation of the possibility of contracting the virus."). Additionally, there is no evidence in the record to suggest he has not been able to manage these conditions while in the prison environment. Cooper is receiving medical attention and treatment for these conditions, which all appear to be stable or controlled. *See* Docket 260 at 7, 11, 30, 54, 40-41, 74, 114-15, 167, 299, 308-09. "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Ayon-Nunez*, 2020 WL 704785, at \*3 (E.D. Cal. Feb. 12, 2020) (internal quotation omitted). Thus, the court finds that Cooper does not satisfy the criteria under U.S.S.G. § 1B1.13

comment note 1(A) or U.S.S.G. § 1B1.13 comment note 1(D).

Additionally, Cooper's motion has not shown that the BOP's response to the pandemic at MCFP Springfield has been inadequate in any way. *See United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("[T]he mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."). At the present time, there are 8 active COVID-19 cases among the inmates and staff at MCFP Springfield, and 29 inmates and staff have recovered from COVID-19. "Thus, it appears that the facility has been responding to and defending against the threats of the virus in a vigorous and generally effective manner." *United States v. Williams*, 2020 WL 4756738, at *4 (E.D. Pa. Aug. 17, 2020); *see also United States v. Berry*, 2020 WL 4035457, at *3 (D.N.J. July 17, 2020) ("[G]iven the markedly restrained progression of the virus within FCI Schuylkill, as compared to within the Delaware Valley region generally, BOP's Action Plan appears to be having a positive impact."). Although Cooper is unable to practice preventative measures as effectively in custody as he would in home confinement, MCFP Springfield encourages inmates to wash their hands frequently, wear facial masks, and practice social distancing when feasible. *See BOP Implementing Modified Operations*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited Oct. 9, 2020). Cooper can do all those recommendations to some extent.

11

The court believes that Cooper's medical conditions are appropriately managed at MCFP Springfield, that the facility is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and that it would act to treat any inmate who does contract COVID-19. Although the court in no way underestimates Cooper's health conditions, such ailments, coupled with the present conditions at MCFP Springfield, do not establish extraordinary and compelling reasons justifying his early release.

Even assuming Cooper's medical conditions are "extraordinary and compelling reasons warrant[ing] such a reduction" under 18 U.S.C. § 3582(c)(1)(A)(i), the sentencing factors in § 3553(a) do not weigh in favor of a reduction. Cooper was found guilty of distribution of a controlled substance resulting in serious bodily injury and conspiracy to distribute a controlled substance. Docket 201; Docket 216 at 1. The victim of this case sustained serious bodily injuries from overdosing on heroin/fentanyl that Cooper provided. Docket 210 ¶¶ 19, 27, 41. As the victim was overdosing, he became unconscious, turned purple, and his breathing rate dropped to 4 breaths per minute. *Id.* ¶¶ 11, 12. It took two doses of Narcan to revive him. *Id.* ¶¶ 9, 12.

When calculating the offense level, Cooper received an enhancement for obstruction of justice due to testifying falsely during his trials. *Id.* ¶¶ 37-38. His total offense level was 40, and he was in criminal history category II. *Id.* ¶¶ 49, 56. His advisory guideline range was 324 to 405 months in custody. *Id.* ¶ 83. The court considered Cooper's offense to be a very serious crime because it involved heroin and Dilaudids. Docket 223 at 30. When sentencing Cooper,

12

the court factored in the small amount of drugs involved, his lack of criminal history, his age, and his serious medical conditions and granted Cooper's motion for a downward variance. *Id.* at 28-30. The court sentenced Cooper below his guideline range to the mandatory minimum of 240 months in custody. Docket 216 at 2; Docket 223 at 29-30. Cooper has only served approximately 9% of his full term and 11% of his statutory term. Docket 262 at 4. Therefore, the court finds that Cooper's sentence of 240 months in custody with 3 years of supervised release continues to be appropriate for the seriousness of the crimes to which he was found guilty.

Because the court found that Cooper did not demonstrate that his medical conditions and the COVID-19 pandemic constitute extraordinary and compelling reasons to justify early release, this court may permissibly deny the motion under Federal Rule of Criminal Procedure Rule 37(a).

## CONCLUSION

Cooper has failed to satisfy the extraordinary and compelling reason standard. Thus, it is

ORDERED that defendant's motion for relief under the First Step Act (Docket 258) is denied.

Dated October 14, 2020.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE